DeSoto Life Insurance Company v. Barham.

4-7955                                   196 S. W. 2d 592

Opinion delivered October 14, 1946.

468

*Adams & Willemin,* for appellant.

*Holland & Taylor,* for appellee.

McHaney, Justice. Appellee brought this action in the common pleas court against appellant to recover $500 on a policy of disability insurance issued to him by it. By the terms of the policy appellant agreed to pay appellee $200 per month for total disability and $100 per month for partial disability. The complaint alleged that he had sustained an injury to his eye on or about October 21, 1944, from the effects of which he became totally disabled on or about November 7, 1944, and such total disability continued to January 20, 1945, a total of two and one-half months, and was partially disabled for more than three months thereafter; that appellant has paid him $300 on the amount due him under the policy; and that he is entitled to recover $500 for total disability and $300 for partial disability, or a total of $800, less the amount already paid of $300, or a balance of

$500, for which he prayed judgment, with costs, penalty and attorney's fee.

For answer appellant filed a general denial, after admitting the issuance of the policy sued on. It also plead said payment of $300 made on January 24, 1945, by draft of its adjuster ,on appellant, as being in full and complete satisfaction of all claims of appellee for his eye injury as evidenced by a written release on the back of said draft in these words: "In full and complete settlement for eye injury, received on or about November 6, 1944," which draft appellee indorsed under said release and deposited same to his credit in his bank. Other defenses were set up, reference to which will be hereinafter made.

Trial in the common pleas court resulted in a judgment against appellant for $500, and penalty and attorney's fee. On appeal to the circuit court, the case was tried by agreement before the court sitting as a jury and resulted in a judgment against appellant for $400 and costs. This appeal followed, and appellee cross-appealed.

Four arguments are made for a reversal of this judgment, only one of which merits serious consideration. Minor contentions are that appellee failed to pay the premium due on the policy on December 20, 1944, and that it lapsed on said date. A simple answer to this is that admittedly appellant owed appellees a sum largely in excess of the premium due at that time, for on January 24, 1945, it paid him $300, on account of disability existing both before and after December 20, 1944, thus treating the policy as not having lapsed, but as being in full force and effect. Another is that appellee failed to comply with the policy by making proof of loss. This, if not done, was waived by making payment without requiring proof. So, also, is the contention waived that appellee was not attended at least once each week by a physician, as the policy required.

As stated above, the principal and most serious assignment of error argued by appellant is that it made a full, complete and final settlement with appellee, as evidenced by the typewritten release on the back of the

draft given him on January 24, 1945, for $300, which was indorsed by appellee in his own handwriting. Appellee is a reputable and well known lawyer of long standing in the city of Blytheville, being 69 years old at the time of trial. He testified positively that he did not see the release on the back of the draft; that he was struck in the eye by some foreign object about October 21, 1944, and from November 7 thereafter was completely disabled for two and one-half months and partially disabled for more than three months; that he was under the care of a physician most of the time and for a short time was in a hospital in Memphis, Tennessee; that when the draft was delivered to him by the adjuster, there was very little discussion between them at the time about appellee's claim. The adjuster said he told appellee, "You have two months' total disability and one month's partial, according to your doctors' reports. He said, 'That is satisfactory.' So I asked the privilege of using his stenographer, had her write this draft up, and write the release on the back. I handed it to Judge Barham and left town. That is all that pertained to the case at that time."

Appellee says he thought this was a payment on account and that nothing was said to indicate that it was a full and complete settlement, which was not intended as he was not then well, but was still partially disabled and being treated by the doctor. According to the adjuster himself, the payment made did not cover the full amount then due for two months total and one month partial disability, or $500, which he says he told appellee was due him, thus corroborating appellee that it was a payment on account and was made for a part of the liability already accrued, about which there was no dispute, and this payment and the so-called release itself cannot be construed as a consideration for a release of liability already accrued and thereafter accruing for partial disability.

It is also undisputed that appellee and the adjuster had no discussion about a settlement in full and there was no mention of a release in full or of a release of any kind, and appellee says that had he known that the pay-

ment was made as one in full, it would not have been accepted. It is significant that the adjuster testified, as above quoted, that appellee was entitled to pay for two months' total and one month's partial disability, or a total of $500 then due, to which appellee agreed, and then immediately gave him a draft for only $300, leaving a balance then due of $200.

We think the trial court was justified by the evidence in finding that the payment was not made and accepted as one in full and in rendering judgment against appellant for the additional sum of $400. A question of fact for the jury was made and the finding of the court sitting as a jury is just as binding as the verdict of a jury.

On the cross-appeal but little need be said. The finding of the court of the duration of appellee's disability is binding on him. While his testimony is that he had two and one-half months of total disability and more than three months of partial disability, the court was not required to find for him for the full amount he claimed, even though no one testified to the contrary.

The trial court probably found, or at least it was justified, in finding that appellant owed appellee $200, balance due on the January 24, 1945, payment, and two months' partial disability of $100 each, or a total of $400. Appellee did not pay either of the December or March quarterly premiums of $37 each, or a total of $74, which should be deducted from the judgment of $400, leaving a balance of $326 with interest at 6 per cent. from the date of the judgment. The judgment will be modified to this extent, and as so modified, is affirmed.